RONALD W. BRILLIANT SBN 8515
rb@brilliantlawoffice.com
BRILLIANT LAW OFFICE
240 SE 23RD Avenue
Boynton Beach, Fl 33435
(208)914-7150 (Telephone)
(208)340-3146 (Cell Phone)

Attorney for Plaintiff
KRISTINA JAYNE LAFFERTY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| OFF-SPEC SOLUTIONS, LLC, an Idaho Limited Liability Company, dba COOL MOUNTAINT TRANSPORT<br><br>Debtor | Case No: 22-00346-NGH<br><br>Chapter: 11<br><br>Adv. Proc. No: 22-    -NGH<br><br>**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY** |
| KRISTINA JAYNE LAFFERTY,<br><br>Plaintiff<br><br>vs.<br><br>OFF-SPEC SOLUTIONS, LLC, an Idaho Limited Liability Company, with assumed name Cool Mountain Transport<br><br>OFF-SPEC SOLUTIONS, LLC, is a Delaware Limited Liability Company,<br><br>CVF CAPITAL PARTNERS, INC., is and was a Delaware corporation doing business in California, and<br><br>KEVIN CHOATE<br><br>Defendant(s) | CLAIMS<br><br>1. TITLE VII - SEX DISCRIMINATION<br>2. TITLE VII - HOSTILE WORK ENVIRONMENT<br>3. TITLE VII - SEX DISCHARGE<br>4. RETALIATION<br>5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - CHOATE<br>6. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS - CHOATE<br>7. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – OTHER DEFENDANTS<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Kristina Jayne Lafferty, by and through her attorney, hereby complains against

Defendant(s), and each of them, OFF-SPEC SOLUTIONS, LLC, an Idaho Limited Liability

Company, with assumed name Cool Mountain Transport OFF-SPEC SOLUTIONS, LLC, is a

Delaware Limited Liability Company, CVF CAPITAL PARTNERS, INC., is and was a

Delaware Corporation doing business in California corporation, (collectively "Defendants") as

follows.

## <u>NATURE OF THE CLAIMS</u>

1.  The complaint is to determine the non-dischargeability of Creditor, Kristina Jayne Lafferty's

    claims as stated herein below for the as her claims are based upon the willful and malicious

    injury she sustained by the debtor and it's owners and parent company.

2.  This suit is brought by a former employee of the Defendants under Title VII of the Civil

    Rights Act of 1964, as amended and codified at 42 U.S.C. § 2000e, et seq. ("Title VII"); 42

    U.S.C. § 1983 ("§ 1983") and the equal protection clause; the Idaho Human Rights Act

    ("IHRA"); and state law.

3.  Ms. Lafferty is seeking declaratory relieF and damages to redress the deprivation of her

    rights from employment discrimination on the basis of sex perpetrated by defendants, and

    each of them. Also, Ms. Lafferty is seeking damages from defendant Kevin Choate, for

    intentional infliction of emotional distress and negligent infliction of emotional distress and

    negligent infliction of emotional distress against her employer's and businesses as stated

    more fully in this complaint.

## <u>PARTIES</u>

4.  For purposes of this pleading and other pleadings filed herein the following abbreviations

    shall be used:

COMPLAINT AND DEMAND FOR JURY TRIAL

a. Plaintiff, Kristina Jayne Lafferty, shall hereinafter be referred to as Ms. Lafferty or "Ms. Lafferty".

b. Defendant, OFF-SPEC SOLUTIONS, LLC, an Idaho Limited Liability Company shall hereinafter be referred to as "OFF-SPEC ID" and shall include the assumed named company, Cool Mountain Transport.

c. Defendant, OFF-SPEC SOLUTIONS, LLC, the Delaware Limited Liability Company shall hereinafter be referred to as "OFF-SPEC DE".

d. Defendant, COOL MOUNTAIN TRANSPORT shall hereinafter be referred to as "CMT"

e. Defendant, CVF CAPITAL PARTNERS, INC shall hereinafter be referred to as "CVF".

f. Defendant, KEVIN CHOATE shall hereinafter be referred to as "CHOATE".

### Plaintiff Ms. Lafferty

5. Ms. Lafferty is and was at all times mentioned in this adversary proceeding complaint an adult, female, and natural person, competent to bring this action, as a citizen of the United States and a resident of the city of Nampa in the Canyon County of the State of Idaho.

6. Ms. Lafferty was an employee of OFF-SPEC ID and CMT, at all times relevant herein.

7. Ms. Lafferty holds an unliquidated, disputed, and contingent claim against defendant(s) an each of them, based on sexual harassment, retaliation, harassment, and intentional infliction of emotional distress.

### Defendant – OFF-SPEC ID and CMT

8. Ms. Lafferty is informed and believes and thereon alleges that at all times material to this complaint, that Defendant, OFF-SPEC SOLUTIONS, LLC was operating under the assumed

COMPLAINT AND DEMAND FOR JURY TRIAL

name of CMT and was a limited liability company recognized and sanctioned by the laws of the State of Idaho.

9. Ms. Lafferty is informed and believes and thereon alleges that at all times material to this complaint, that defendant, OFF-SPEC ID has filed a Chapter 11 Bankruptcy case in action 22-00346-NGH and has thus subjected itself to the jurisdiction of the court.

### **Defendant – OFF-SPEC DE**

10. Ms. Lafferty is informed and believes and thereon alleges that at all times material to this complaint, defendant OFF-SPEC DE, is a Delaware Limited Liability Company, which is the foreign registrant and owner of defendant, OFF-SPEC ID, an Idaho Limited Liability Company, operating under the assumed name CMT, as more exactly provided in the registration and company information of the Idaho and Delaware Secretary of State and offices of Corporations.

11. Ms. Lafferty is informed and believes and thereon alleges that at all times material to this complaint that defendant OFF-SPEC DE was doing business and had an ownership interest in either or both of the OFF-SPEC DE and OFF-SPEC ID.

### **Defendant – CVF**

12. Ms. Lafferty is informed and believes and thereon alleges that at all times material to this complaint that defendant CVF is and was a Delaware corporation organized and doing business under the laws of the State of Delaware, doing business in California and whose principal place of business 1590 Drew Avenue, Suite 110, Davis, California 95618

13. Ms. Lafferty is informed and believes and thereon alleges that at all times material to this complaint defendant CVF is the owner of or owns a controlling interest of OFF-SPEC ID and OFF-SPEC DE.

COMPLAINT AND DEMAND FOR JURY TRIAL

**Defendant – CHOATE**

14. Ms. Lafferty is informed and believes and thereon alleges that at all times material to this complaint that Defendant CHOATE was a natural person who acted in his individual capacity and as an agent on behalf of OFF-SPEC ID, CMT.

15. Defendant(s) CHOATE at all times herein mentioned was the agent and employee of their codefendants OFF-SPEC ID and CMT names and in doing the things hereinafter alleged were acting within the course and scope of such agency and the permission and consent of their co-defendants OFF-SPEC ID, CMT. OFF-SPEC DE, and CVF.

16. At all material times, CHOATE was a supervisory employee of defendant OFF-SPEC ID who had supervisory control of Ms. Lafferty, with the ability to manage, control and fire Ms. Lafferty.

**Other Related Persons**

17. Ms. Lafferty is informed and believes and thereon alleges that at all times material to this complaint that the following persons, had an active role in OFF-SPEC ID. Among other things the following persons interviewed potential employees, addressed financial concerns, met with each department heads, provided advice to office staff and were involved in operations.

    a. Jose Blanco, shall hereinafter be referred to as "BLANCO" was the founder of CVF and investor in OFF-SPEC ID.

    b. Brian Hoblett shall hereinafter be referred to as "HOBLETT" oversaw all of CVF holdings activities and operations

    c. Tony Powe shall hereinafter be referred to as "POWE" was the President of CVF and investor in OFF-SPEC ID.

COMPLAINT AND DEMAND FOR JURY TRIAL

18. Ms. Lafferty is informed and believes and thereon alleges that at all times material to this complaint that the following persons had supervisory or management control over the defendant OFF-SPEC ID (CMT)

    a. Jeremi Stocking shall hereinafter be referred to as "STOCKING" was the Director of Operations.

    b. Dwayne Newkirk shall hereinafter BE referred to as "NEWKIRK", was CMT'S Human Resources Manager.

## JURISDICTION and VENUE

19. The court has jurisdiction under 28 U.S.C. §1334 as this is a Bankruptcy Proceeding. Jurisdiction is proper pursuant to 28 U.S.C. §1331 as Ms. Lafferty's claims arise under federal law and the complaint includes a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

20. This is a core proceeding under 28 U.S.C. §157(b)(2)(I).

21. The plaintiff's cause(s) of action is governed by and is a proceeding defined in 28 U.S.C. §157(b)(2)(I) and thus this district court may provide that pursuant to title 11 shall be referred to the bankruptcy judges for the district.

22. This Court shares concurrent jurisdiction with the Courts of the State of Idaho in matters arising under the Idaho Human Rights Act, Idaho Code §§ 67-5901 et seq. This Court's jurisdiction over Ms. Lafferty's state law claims is founded upon 28 U.S.C. § 1367.

23. Venue is proper under 28 U.S.C. §1409(a). Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because the defendant(s) resides in the district or is actively doing business in the district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

24. Pursuant to 28 U.S.C. §157(b)(5) the district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending. As cause exists for relief from stay pursuant to section 362(d)(1) Ms. Lafferty thus requests that the Bankruptcy judge order that they automatic stay be lifted pursuant to said code and the action be transferred to the District Court within this same Division of the U.S. Federal Courts in Idaho.

25. Ms. Lafferty is an individual residing in Nampa, Idaho. Ms. Lafferty holds an unliquidated, disputed, and contingent claim against OFF-SPEC ID based on sexual harassment, retaliation, harassment, intentional infliction of emotional distress and negligent infliction of emotional distress.

## **FACTS COMMON TO ALL CLAIM**

### **EEOC and IRHC Administrative Action**

26. Prior to the filing of this action, Ms. Lafferty timely filed a Charge of Discrimination with the Idaho Human Rights Commission ("IHRC") and the Equal Employment Opportunity Commission ("EEOC"), alleging that the acts of Defendants OFF-SPEC ID and CMT with violations of Title VII of the Civil Rights Act, 42 U.S.C. §§2000e. et. seq. and the Idaho Human Rights Act.

27. Ms. Lafferty has exhausted all administrative remedies and as a result of defendant(s) filing its bankruptcy proceeding, has obtained her "Right-To-Sue" letter prior to filing this adversary proceeding, a copy of which is attached as Plaintiff's Exhibit 2 and incorporated in

COMPLAINT AND DEMAND FOR JURY TRIAL

full by this reference into this complaint. Ms. Lafferty is filing her claim within 90 days of receipt of that notice of right to sue.

28. The following facts in paragraphs 25-45 are consistent with those previously determined by the Idaho Human Rights Commission, pursuant to Idaho Code 67-5901 et seq., during its administrative review of Ms. Lafferty's retaliation claim in FEPA Case Number E-0721-211 and EEOC Charge Case No. 38C-2021-00288, respectively.

**<u>Ms. Lafferty's Account of Historical Events</u>**

29. Ms. Lafferty began working for OFF-SPEC ID (CMT) on or around June 23, 2020. Initially hired as a Load Planner. At or around the time of her engagement, during all relevant times, STOCKING was her supervisor. A couple months into her job Ms. Lafferty was doing well. She had a very good relationship with her carriers, and they trusted her. As a result of her good performance, she was promoted to a Driver Manager, a position responsible for sometimes 30 plus Carriers.

30. As the Driver Manager, Ms. Lafferty was frequently the only contact CMT'S drivers had while they were on the road. As such, it was important that Ms. Lafferty have good relationships with the drivers. OFF-SPEC ID/CMT claims that Ms. Lafferty frequently spent too much time with individual drivers, and that her multitasking skills were relatively weak, but agrees that she worked hard to connect with the drivers and that she was generally well-liked. STOCKING claimed that "she was probably the best thing the drivers had" while working for OFF-SPEC ID/CMT. STOCKING credits Ms. Lafferty with OFF-SPEC ID/CMT'S driver retention during the Covid-19 pandemic. OFF-SPEC ID/CMT e-mailed Ms. Lafferty on August 25, 2020, asking her to improve her multitasking, but reports that her ability to multitask did not improve.

COMPLAINT AND DEMAND FOR JURY TRIAL

31. Then things radically changed however when just a couple months into her job, defendant OFF-SPEC ID and/or CVF hired on CHOATE. CHOATE was engaged as the Operations Manager for OFF-SPEC ID/CMT and became Ms. Lafferty's direct supervisor. With just a few weeks of his start date CHOATE started his wrongful conduct. He started to be disrespectful and demeaning to me and each of the women in the office telling us we didn't know how to do our job. Also, the conversations of an inappropriate sexual nature started as well. CHOATE said while Ms. Lafferty and the other women where in the office to all the women that he had gotten a "blow job from his boyfriend for his birthday." This was just one of the type of statements he continued to make regularly to Ms. Lafferty.

32. Throughout Ms. Lafferty's employment, CHOATE had a history of making demeaning, deriding, debasing, humiliating and inappropriate comments to OFF-SPEC ID's female employees and particularly Ms. Lafferty. These comments, when directed toward women, especially Ms. Lafferty, often included discussions about his personal sex life with his boyfriend, discussion of his sexual desires with other men, sexual acts stated in crude terms, sexual innuendos about other male employees in the presence of Ms. Lafferty and others, including female employees and comments about male genitalia. Nearly every conversation with or by CHOATE about either Ms. Lafferty not doing my job correctly or a sexual reference. Ms. Lafferty found his comments distasteful and complained about them to the Director of Operations STOCKING. STOCKING stated to Ms. Lafferty that he lacked direct supervisory capacity over CHOATE and believed he was unable to take any actions to correct his behavior.

33. Ms. Lafferty claims, and STOCKING confirmed, that CHOATE frequently yelled at the female employees. STOCKING categorized CHOATE'S behavior towards the women as

COMPLAINT AND DEMAND FOR JURY TRIAL

being "very harsh," harsher than toward men, and that he would frequently belittle the

female employees, Ms. Lafferty included.

34. The yelling, degrading and sexual comments continued throughout Ms. Lafferty's

employment. Ms. Lafferty describes the "office went from a fun hard worker company to

disrespect, demeaning, Sexual Comments like I stated above, no Support, browbeating, to

the point that us girls were each getting sick, Jessica Hernandez was dealing with weeklong

Migraines at a time, I was dealing with Spasm throughout my whole body because of the

stress. Aubrey was dealing with high stress and headaches."

35. As CHOATE'S improper conduct was not being addressed by STOCKING, Ms. Lafferty

contacted POWE on multiple occasions, in tears, to explain what CHOATE was doing and

saying during work. Ms, Ms. Lafferty explained, among other things, the inappropriate

sexual comments, the yelling, blaming, degrading, debasing, demeaning and mean-spirited

treatment she and the other women were being subjected to. POWE said he did not see

CHOATE that way and did nothing, not even an investigation into what was going on at

OFF-SPEC ID/CMT. POWE did nothing to correct any of CHOATE'S behavior and instead

allowed it to continue.

36. On or about October 2020, when another male employee Colby was hired CHOATE made a

crude remark after interviewing him. CHOATE stated, "he was good on the eyes and

wouldn't mind fucking him."

37. On one instance on or about October 15, 2020, CHOATE again yelled at Ms. Lafferty and

made her feel uncomfortable. Consequently, Ms. Lafferty decided she could not return to

work on October 16, 2020, made multiple attempts to call NEWKIRK, Cool Mountain's

Human Resources Manager, and ultimately spoke with a human resources team member.

COMPLAINT AND DEMAND FOR JURY TRIAL

She described feeling "degraded" by CHOATE'S treatment, and that she was uncomfortable talking to him. Consequently, she had not called CHOATE to report that she would not be at work on October 16. Despite Ms. Lafferty's calls to human resources, she was marked as a no-call, no-show to work.

38. Toward the end of her employment, Ms. Lafferty was in STOCKING'S office twice in tears because of CHOATE'S treatment of her. STOCKING confirmed this fact with IHRC. OFF-SPEC ID/CMT had another temporary employee who is female. Because of CHOATE'S treatment, she would also come into STOCKING's office frequently and cry. STOCKING claimed she quit within a couple of weeks. STOCKING said this was not unusual, due to the way CHOATE treated the female employees.

39. Ms. Lafferty spoke with NEWKIRK on October 19, 2020, the next business day. She described that she was feeling "demeaned" by CHOATE'S treatment and that he would frequently yell at her. Ms. Lafferty also explained to NEWKIRK about all the sexually explicit and inappropriate statements made to her and the other women and also the attacks on the women's ability to do their jobs. NEWKIRK confirmed that CHOATE yelled but claimed that he yelled to be heard from his desk, making him more efficient. Further, despite admitting that Ms. Lafferty claimed CHOATE'S treatment was demeaning and degrading, NEWKIRK did not believe that Ms. Lafferty had raised any sex-related issues.

40. OFF-SPEC ID/CMT decided that, because CHOATE was Ms. Lafferty's supervisor, her claim that she felt uncomfortable talking to her supervisor meant she could not perform her job duties. Therefore, on October 19, 2020, OFF-SPEC ID/CMT fired Ms. Lafferty on this pretext.

**Board Decision of Idaho Human Rights Commission and EEOC**

COMPLAINT AND DEMAND FOR JURY TRIAL

41. On May 26, 2022, given the evidence presented to the Commission, the Commission address three (3) different charges against defendant on behalf of Ms. Lafferty. Those charges were (1) Sexual Harassment, (2) Discharge based on Retaliation and (3) Discharge based upon sex.

42. The commission considered (1) whether defendant discriminated against Ms. Lafferty by permitting her manager to harass her based on her sex, (2) whether defendant retaliated against Ms. Lafferty when it terminated her employment, and (3) whether defendant discriminated against Ms. Lafferty based on her sex when it terminated her employment.

43. The commission after completing its process found probable cause to believe that the defendant was liable for all three claims.  The commission found:

   a. That Ms. Lafferty suffered unwelcome, offensive, and intimidating behavior by defendant, which was pervasive and targeted against her because of her sex, and defendant failed to take any action to correct CHOATE'S behavior.

   b. That illegal retaliation occurred when defendant discriminated against Ms. Lafferty based on her sex when it terminated Ms. Lafferty employment.

   c. That defendant did not articulate a legitimate, non-retaliatory reason for Ms. Lafferty's termination, and thus defendant was liable wrongfully discharging Ms. Lafferty based on retaliation.

44. The Ms. Lafferty agrees with the facts supporting the commission's findings and conclusions. Ms. Lafferty has attached the Administrative Review and Commission Determination dated May 26, 2022, in support of her allegations in this complaint, a copy of which is attached as Plaintiff's Exhibit 1 and incorporated in full by this reference into this complaint.

COMPLAINT AND DEMAND FOR JURY TRIAL

45. Ms. Lafferty has made all reasonable efforts to mitigate her damages by searching for and retaining gainful employment since her wrongful termination by defendant(s). However, due to the injuries suffered as a result of the defendants, and each of their conduct, Ms. Lafferty was and has been unable to successfully achieve and maintain gainful employment and has had to continue to utilize the professional services to address her medical and psychological health.

46. Ms. Lafferty is informed and believes and thereon alleges that at all times material to this complaint that there existed an interrelationship of operations, a centralized control of labor relations, a common management and a common ownership or financial control between CVF and the defendant(s) CMT, OFF-SPEC ID and OFF-SPEC DE.

47. Ms. Lafferty is informed and believes and thereon alleges that at all times material to this complaint defendant CVF owned, managed, and controlled the companies of defendants CMT, OFF-SPEC DE and OFF-SPEC ID, and exercised substantial authority in devising and implementing personnel policies and practices of these companies.

48. Ms. Lafferty is informed and believes and thereon alleges that at all times material to this complaint defendants, OFF-SPEC ID, OFF-SPEC DE and CVF are subject to Title VII because they has continuously and do now employ more than 70 persons and engaged in an industry affecting commerce.

### CLAIM ONE
### 11  U.S.C 523(A)(6) – Willful and Malicious Injury
### FIRST CLAIM: SEX DISCRIMINATION

49. Ms. Lafferty realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 47 above as if set out in full.

50. Defendants CMT, OFF-SPEC ID, CVF and OFF-SPEC DE have engaged or intentionally engaged in unlawful employment practices and policies in violation of 42 U.S.C. § 2000e et

seq. and the Idaho Human Rights Act, Idaho Code § 67-5901 et seq., and the public policy embodied therein.

51. At all times herein mentioned, 42 U.S.C. § 2000e et seq t. seq. and the Idaho Human Rights Act, Idaho Code § 67-5901 et seq., and the public policy embodied therein were in full force and effect and were binding on defendants. These sections require defendants to refrain from discriminating against any employee on the basis of sex, among other things.

52. The discriminatory practices include, but are not limited to:

   a. Discharging females because of their sex or other considerations.

   b. Wrongfully terminating females from their jobs because of their sex.

   c. Maintaining policies and practices with respect to, but not limited to wages, job assignments and other terms and conditions of employment that unlawfully operate to deny equal opportunity to females because of their sex.

   d. Refusing to hire females on an equal basis with males.

53. CVF, OFF-SPEC ID and CMT were aware of the allegations and complaints made (or should have known of such allegations) that CHOATE repeatedly targeted female employees, including Ms. Lafferty, on a weekly if not on a daily basis with (1) inappropriate sexual comments including graphic details about his own sex life, and (2) explicit statements and innuendo about CHOATE'S sexual desires of other male employees, (3) physically yelling without justification at Ms. Lafferty that she was not capable to perform her job and lacked trust in her work due to her being a woman, and (4) directing degrading and demeaning gestures and statements to Ms. Lafferty that she was worthless, unfit for the job, unable to perform her job on account of their gender, yet not treating men in the same fashion.

COMPLAINT AND DEMAND FOR JURY TRIAL

54. Furthermore, the management, owners and investors of OFF-SPEC ID either knew or should have known of the harassment, as Ms. Lafferty complained many times to OFF-SPEC ID, CMT, CVF, their Operations Manager, STOCKING and to their Human Resources Manager, NEWKIRK, about these events. Despite Ms. Lafferty's complaints, OFF-SPEC ID, CMT and CVF failed to take adequate remedial measures to prevent CHOATE'S on-going sexual harassment within the workplace. CHOATE'S conduct was pervasive, unwelcome, offensive, humiliating and intimidating to Ms. Lafferty and targeted against her because of her sex.

55. During the course of plaintiff's employment, defendants made numerous discriminatory remarks on the basis of plaintiff's sex, and on or about October 19, 2020, after a significant period of wholly satisfactory, competent, and diligent performance to the profit of the defendants, plaintiff was notified by defendants that her employment was being terminated because of performance problems. Defendants' claim that plaintiff was being terminated because of performance problems, however, was a pretext designed to conceal defendants' practice of discriminating against plaintiff on the basis of her gender. CHOATE subjected Ms. Lafferty to unwelcome sexual harassment, which harassment was based on the plaintiff's sex.

56. The effect of these policies and practices has been to deprive female persons, including the Ms. Lafferty, of equal employment opportunities and otherwise to affect adversely her status as an employee because of her sex.

57. Ms. Lafferty believes and thereon alleges that her sex was a factor in defendants' refusal to promote her, their refusal to give her a salary increase and bonuses that she was promised,

COMPLAINT AND DEMAND FOR JURY TRIAL

and their decision to terminate her. Such discrimination has resulted in damage and injury to plaintiff as alleged herein.

58. As a proximate result of defendant's willful, knowing, and intentional discrimination against plaintiff, she has sustained and continues to sustain substantial losses in earnings and other employment benefits.

59. As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff she has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

60. In light of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff seeks an award of other damages that may not by code be allowed to be stated in this pleading but will be stated in the proper way and the proper time, in an amount according to proof.

61. Ms. Lafferty has incurred and continues to incur legal expenses and attorney fees. Ms. Lafferty is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

62. Further, the Ms. Lafferty has been deprived of income in the form of wages and of prospective retirement benefits, front pay, Social Security, Unemployment Compensation benefits, and other benefits due to her as an employee solely because of her sex, in a sum of money to be proven at trial.

### SECOND CLAIM: HOSTILE WORK ENVIRONMENT
**(Hostile Work Environment in Violation of Title VII and
The IHRA Against Defendant OFF-SPEC ID, CMT, CVF, OFF-SPEC DE)**

63. Ms. Lafferty realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 61 above as if set out in full.

COMPLAINT AND DEMAND FOR JURY TRIAL

64. During the course of Ms. Lafferty's employment, defendants, CHOATE, OFF-SPEC ID,

   CMT and CVF created and allowed to exist a sexually hostile environment and

   discriminated against and harassed Ms. Lafferty on the basis of her sex. Such discrimination

   and harassment are in violation of Title VII Civil Rights Act, 42 U.S.C. § 2000e, et. seq. and

   the Idaho Human Rights Act, Idaho Code § 67-5901 et seq., and has resulted in damage and

   injury to Ms. Lafferty as alleged herein.

65. Ms. Lafferty was intentionally subjected to conduct by CHOATE that was uninvited and

   offensive or unwanted. CHOATE'S harassment was based upon Ms. Lafferty's sex, namely

   that she was a female.

66. OFF-SPEC ID and CMT were aware of the allegations and complaints made (or should have

   known of such allegations) that CHOATE repeatedly targeted female employees, including

   Ms. Lafferty, on a weekly if not on a daily basis with (1) inappropriate sexual comments

   including graphic details about his own sex life, and (2) explicit statements and innuendo

   about CHOATE'S sexual desires of other male employees, (3) physically yelling without

   justification at Ms. Lafferty that she was not capable to perform her job and lacked trust in

   her work due to her being a woman, and (4) directing degrading and demeaning gestures and

   statements to Ms. Lafferty that she was worthless, unfit for the job, unable to perform her

   job on account of their gender, yet not treating men in the same fashion.

67. Furthermore, the management, owners and investors of OFF-SPEC ID either knew or should

   have known of the harassment, as Ms. Lafferty complained many times to OFF-SPEC ID,

   CMT, CVF, their Operations Manager, STOCKING and to their Human Resources

   Manager, NEWKIRK, about these events. Despite Ms. Lafferty's complaints, OFF-SPEC

   ID, CMT and CVF failed to take adequate remedial measures to prevent CHOATE'S on-

COMPLAINT AND DEMAND FOR JURY TRIAL

going sexual harassment within the workplace. CHOATE'S conduct was pervasive, unwelcome, offensive, humiliating and intimidating to Ms. Lafferty and targeted against her because of her sex.

68. CHOATE'S behaviors toward Ms. Lafferty and other similarly situated women were sufficiently pervasive and/or severe as to create a sexually hostile work environment that OFF-SPEC ID, CMT, and CVF condoned.

69. OFF-SPEC ID, CVF, and CMT's failure to take appropriate remedial measures, especially once it learned of the CHOATES wrongful conduct toward Ms. Lafferty and other women, allowed the hostility to continue.

70. As a proximate result of CHOATE'S willful, knowing, and intentional discrimination against Ms. Lafferty, she has sustained and continues to sustain substantial losses in earnings and other employment benefits.

71. As a proximate result of CHOATE'S willful, knowing, and intentional discrimination against Ms. Lafferty she has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

72. In light of defendants' willful, knowing, and intentional discrimination against plaintiff, Ms. Lafferty seeks an award of other damages that may not by code be allowed to be stated in this pleading but will be stated in the proper way and the proper time, in an amount according to proof.

73. Ms. Lafferty has incurred and continues to incur legal expenses and attorney fees. Ms. Lafferty is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

### **THIRD CLAIM**
**Sex Discharge in Employment in Violation of Title VII of the Civil Rights Act of 1964**

COMPLAINT AND DEMAND FOR JURY TRIAL

**and the Idaho Human Rights Act - OFF-SPEC ID, CMT, CVF, OFF-SPEC DE**

74. Ms. Lafferty realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 72 above as if set out in full.

75. Ms. Lafferty assert that OFF-SPEC ID/CMT discriminated against Ms. Lafferty based on her sex when it terminated her employment.

76. Ms. Lafferty is a member of a protected category covered by the statutes. She was qualified for her job, and was performing her duties adequately. Ms. Lafferty was fired after complaining about sex-based harassment by her supervisor, giving rise to an inference of discrimination. As described above, OFF-SPEC ID/CMT decided to terminate Ms. Lafferty because she reported being uncomfortable speaking with CHOATE. While this reason is retaliatory, it is also based on her sex, more specifically, based on the treatment she experienced because of her sex, and her reaction to that treatment as stated within this pleading. Because Ms. Lafferty's termination was directly because of her sex, defendants OFF-SPEC ID/CMT are liable for sex discharge in violation of

77. The action and inactions of CHOATE, OFF-SPEC ID, OFF-SPEC DE and CVF acting as a single entity deprived Ms. Lafferty of opportunities and adversely affected Ms. Lafferty's employment because of her gender in violation of the Civil Rights Act, 42 U.S.C. § 2000e, et. seq. and the Idaho Human Rights Act, Idaho Code § 67-5901 et seq., which prohibits discrimination or discharge based on gender.

78. As a result of CHOATE, OFF-SPEC ID, OFF-SPEC DE and CVF, and their agents violation of the Civil Rights Act, 42 U.S.C. § 2000e, et. seq., and the Idaho Human Rights Act, Idaho Code § 67-5901 et seq., Ms. Lafferty is entitled to compensatory damages including, but not limited to, lost wages, front pay and lost benefits in an amount to be determined with specificity at trial.

79. Ms. Lafferty is entitled to recover her attorney fees and costs incurred in pursuing this matter pursuant to 42 U.S.C. § 1988(b), 42 U.S.C. § 2000e-5(k), and Idaho Code §§ 12-120 and 12-121.

80. Ms. Lafferty hereby reserves this paragraph for the inclusion of a claim for other damages that may not by code be allowed to be stated in this pleading but will be stated in the proper way and the proper time, in an amount according to proof pursuant to Idaho or Federal Law.

## **FOURTH CLAIM**
**Retaliatory Discharge of Employment in Violation of Title VII of the Civil Rights Act of 1964, and the Idaho Human Rights Act- OFF-SPEC ID, CMT, CVF, OFF-SPEC DE**

81. Ms. Lafferty realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 58 above as if set out in full.

82. Ms. Lafferty was engaged in a protected activity when she complained about CHOATE'S sex-based harassment. She suffered an adverse action when OFF-SPEC ID/CMT terminated her. Ms. Lafferty's termination was the next business day after her complaint. Thus, there exists a causal link between Ms. Lafferty's complaint and her termination.

83. Ms. Lafferty reported conduct that she perceived to be gender harassment, sexual harassment, tortious conduct and discrimination to defendants, and their agents and employees, and each of them.

84. In response to Ms. Lafferty's reporting of gender harassment, sexual harassment, tortious conduct and discrimination, defendants, and each of them retaliated against Ms. Lafferty, ultimately terminating her employment on or about October 19, 2020.

85. OFF-SPEC ID/CMT claims that Ms. Lafferty, while well-liked by the drivers, spent too much time with each individual driver, and was not skilled at multitasking. Further, it claims that CHOATE was her supervisor, and she needed to be comfortable and able to speak with him. Because she told NEWKIRK she felt uncomfortable talking to CHOATE, OFF-SPEC

COMPLAINT AND DEMAND FOR JURY TRIAL

ID/CMT interpreted this as being unwilling to speak with him. This, combined with her poor multitasking, led OFF-SPEC ID/CMT to terminate Ms. Lafferty's employment. However, this is not a non-retaliatory reason for terminating Ms. Lafferty's employment. Ms. Lafferty complained about CHOATE'S treatment, and claimed she felt uncomfortable speaking to him. Because she felt uncomfortable speaking to CHOATE, OFF-SPEC ID/CMT fired her. OFF-SPEC ID/CMT's reference to her multitasking skills does not change the fact that its determining factor in firing her was that she told NEWKIRK she was uncomfortable talking to CHOATE, who was harassing her. Because OFF-SPEC ID/CMT has not articulated a legitimate, non-retaliatory reason for her termination, Ms. Lafferty alleges that she was retaliated against in violation of Title VII of the Civil Rights Act of 1964, and the Idaho Human Rights Act.

86. The action of terminating Ms. Lafferty's employment in response to a report of gender harassment, sexual harassment, and discrimination is a violation of the Civil Rights Act, 42 U.S.C. § 2000e, et. seq. and the Idaho Human Rights Act, Idaho Code § 67-5901 et seq., which prohibits retaliation for the reporting of harassment, sexual harassment, and discrimination in the workplace.

87. OFF-SPEC ID, OFF-SPEC DE and CVF are vicarious liable for the actions of CHOATE because they acted in concert with CHOATE and as a single entity pursuant to Federal Law.

88. As a result of the defendants, and each of their violations of the Civil Rights Act, 42 U.S.C. § 2000e, et. seq., and the Idaho Human Rights Act, Idaho Code § 67-5901 et seq., Ms. Lafferty is entitled to compensatory damages including, but not limited to, lost wages, lost benefits, and reinstatement or in the alternative front pay in an amount to be determined with specificity at trial.

89. Ms. Lafferty is entitled to recover her attorney fees and costs incurred in pursuing this matter pursuant to 42 U.S.C. § 2000e-5(k) and Idaho Code §§ 12-120 and 12-121.

90. Ms. Lafferty hereby reserves this paragraph for the inclusion of a claim for other damages that may not by code be allowed to be stated in this pleading but will be stated in the proper way and the proper time, in an amount according to proof, pursuant to Idaho of Federal law.

**FIFTH CLAIM**
**Intentional Infliction of Emotional Distress - CHOATE**

**91.** Ms. Lafferty realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 79 above as if set out in full.

92. Defendant CHOATE, and NEWKIRK, POWE, and STOCKING, at all times herein mentioned, were the agents and employees of their defendants OFF-SPEC ID, OFF-SPEC DE, CMT and CVF and in doing the things hereinafter alleged were acting within the course and scope of such agency and the permission and consent of their employers, including but not limited to OFF-SPEC ID, OFF-SPEC DE, CMT and CVF.

93. As already stated herein, the acts and conduct of Defendant CHOATE's were intentional, extreme, outrageous, malicious and beyond all possible bounds of decency and done for the purpose of causing Ms. Lafferty to suffer humiliation, mental anguish, and emotional and physical distress. Ms. Lafferty also contends that CHOATE was engaging in his wrongful conduct in part to get her to quit her job. CHOATE repeatedly targeted female employees, including Ms. Lafferty, on a weekly if not on a daily basis with (1) inappropriate sexual comments including graphic details about his own sex life, and (2) explicit statements and innuendo about CHOATE'S sexual desires of other male employees, (3) physically yelling without justification at Ms. Lafferty that she was not capable to perform her job and lacked trust in her work due to her being a woman, and (4) directing debasing, degrading and

demeaning gestures and statements to Ms. Lafferty that she was worthless, unfit for the job, unable to perform her job on account of their gender, yet not treating men in the same fashion.

94.  The acts conduct agents NEWKIRK, POWE, and STOCKING, in confirming and ratifying CHOATE'S intentional conduct and failing to prevent further said conduct by CHOATE was done with knowledge that plaintiff's emotional and physical distress would thereby increase and was done with a wanton and reckless disregard of the consequences to plaintiff. These agents conduct is attributable to Defendant(s) OFF-SPEC ID, CMT. OFF-SPEC DE, and CVF's.

95.  As a proximate result of CHOATE'S actions alleged herein and above, he intentionally caused Ms. Lafferty to suffer humiliation, mental anguish, mental anguish, and physical distress and has been injured in mind and body as follows:

     a.  Ms. Lafferty suffered and still suffers from headaches, anxiety, sleep problems, extreme anxiety, fear, fear of workplace discrimination, and depression, all to her damage.

96.  As a further proximate result of the acts alleged above, Ms. Lafferty was required to and did employ physicians and therapists to examine, treat, and care for plaintiff, and incurred additional medical expenses for hospital bills and other incidental medical expenses. Ms. Lafferty is informed and believes and thereon alleges that Ms. Lafferty will incur some additional medical expenses the exact amount of which is unknown at this time

97.  By reason of the acts alleged above, Ms. Lafferty was prevented from attending to plaintiff's usual occupation and thereby lost earnings. Ms. Lafferty is informed and believes and thereon alleges, that Ms. Lafferty will thereby be prevented from attending to plaintiff's

COMPLAINT AND DEMAND FOR JURY TRIAL

usual occupation or for a period in the future which Ms. Lafferty cannot ascertain and will there by sustain further loss of earnings.

98. The acts of defendants alleged above were willful, wanton, extreme, outrageous, malicious, and oppressive, and justify the awarding of other damages that may not by code be allowed to be stated in this pleading but will be stated in the proper way and the proper time, in an amount according to proof.

99. As a result of CHOATE'S intentional infliction of severe emotional distress, Ms. Lafferty has suffered damages in an amount exceeding $100,000, the exact amount to be proven with specificity at trial.

100. Ms. Lafferty is entitled to recover her attorney fees and costs incurred in prosecuting this action pursuant to Idaho Code §§ 12-120(3) and 12-121.

## SIXTH CLAIM

### Negligent Infliction of Emotional Distress - CHOATE

101. Ms. Lafferty realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 89 above as if set out in full.

102. Defendant CHOATE owed a duty of care within the scope of his employment to Ms. Lafferty to provide a work environment free of wrongful discrimination, sexual harassment, harassment, and other wrongful treatment.

103. CHOATE, NEWKIRK, POWE, and STOCKING, at all times herein mentioned, were the agents and employees of their defendants OFF-SPEC ID, OFF-SPEC DE, CMT and CVF and in doing the things hereinafter alleged were acting within the course and scope of such agency and the permission and consent of their employers, including but not limited to OFF-SPEC ID, OFF-SPEC DE, CMT and CVF.

104. Defendant, CHOATE knew, or should have known, that his failure to exercise due care in the performance of his supervisory role or even as a co-worker would cause Ms. Lafferty to suffer emotional distress. Namely, CHOATE should have known or knew that his repeated targeting of female employees, including Ms. Lafferty, on a weekly if not on a daily basis with (1) inappropriate sexual comments including graphic details about his own sex life, and (2) explicit statements and innuendo about CHOATE'S sexual desires of other male employees, (3) physically yelling without justification at Ms. Lafferty that she was not capable to perform her job and lacked trust in her work due to her being a woman, (4) directing debasing, degrading and demeaning gestures and statements to Ms. Lafferty that she was worthless, unfit for the job, unable to perform her job on account of their gender, yet not treating men in the same fashion and (5) wrongfully terminating her, would cause Ms. Lafferty severe humiliation, mental anguish, emotional distress, physical distress and other damages, including wrongful termination..

105. Defendant CHOATE'S acts or omission as stated in this complaint constitute a breach of his duty of care owed to the plaintiff.

106. As a proximate result of CHOATE'S acts or omissions constituting breach of duty Ms. Lafferty negligently caused Ms. Lafferty to suffer humiliation, mental anguish, and physical distress and has been injured in mind and body as follows:

  a. Ms. Lafferty suffered and still suffers from her wrongful treatment and termination, with physical manifestations including headaches, anxiety, sleep problems, sleeplessness, extreme anxiety, fear, fear of workplace discrimination, loss of confidence and self-esteem, and depression, all to her damage.

  b. With respect to Ms. Lafferty's economic damages, Ms. Lafferty has sustained and

COMPLAINT AND DEMAND FOR JURY TRIAL

will in the future sustain serious financial loss, including employment

compensation and employment benefits, all to her damage.

107. As a further proximate result of the acts alleged above, plaintiff was required to and did

employ physicians and surgeons to examine, treat, and care for plaintiff, and incurred

additional medical expenses for medical bills and other incidental medical expenses. Ms.

Lafferty is informed and believes and thereon alleges that plaintiff will incur some

additional medical expenses, the exact amount of which is unknown.

108. As direct and proximate cause of Defendant CHOATE and by reason of the acts alleged

above, Ms. Lafferty was prevented from attending to her usual occupation as Drive Manager

and thereby lost earnings. Ms. Lafferty is informed and believes and thereon alleges, that

plaintiff will thereby be prevented from attending to plaintiff's usual occupation and has had

and will have trouble being gainfully employed due to the injuries sustained by her for a

period in the future which plaintiff cannot ascertain and will thereby sustain further loss of

earnings.

109. The acts of defendant CHOATE alleged above were negligent, wanton, malicious, extreme,

outrageous, and oppressive, and justify the awarding of exemplary and other damages that

may not by code be allowed to be stated in this pleading but will be stated in the proper way

and the proper time.

110. As a result of CHOATE'S negligent infliction of emotional distress, Ms. Lafferty has

suffered damages in an amount exceeding $100,000, the exact amount to be proven with

specificity at trial.

111. Ms. Lafferty is entitled to recover her attorney fees and costs incurred in prosecuting this

action pursuant to Idaho Code §§ 12-120(3) and 12-121.

COMPLAINT AND DEMAND FOR JURY TRIAL

## SEVENTH CLAIM

### Negligent Infliction of Emotional Distress – OFF-SPEC ID, OFF-SPEC DE, CMT and CVF

112. Ms. Lafferty realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 100 above as if set out in full.

113. CHOATE, NEWKIRK, POWE, and STOCKING, at all times herein mentioned, were the agents and employees of their defendants OFF-SPEC ID, OFF-SPEC DE, CMT and CVF and in doing the things hereinafter alleged were acting within the course and scope of such agency and the permission and consent of their employers, including but not limited to OFF-SPEC ID, OFF-SPEC DE, CMT and CVF.

114. The managers and or owners of OFF-SPEC ID, OFF-SPEC DE, CMT and CVF, in at least their representative capacity, owed a duty of care, as managers and owners on behalf of their respective companies to Ms. Lafferty to provide a work environment free of discrimination, harassment and wrongful treatment by its other employees and supervisors, including CHOATE.

115. Defendant, CHOATE'S conduct was negligent, extreme, outrageous, and malicious and resulted in causing Ms. Lafferty to suffer humiliation, mental anguish, and emotional and physical distress. Namely, CHOATE repeatedly targeted female employees, including Ms. Lafferty, on a weekly if not on a daily basis with (1) inappropriate sexual comments including graphic details about his own sex life, and (2) explicit statements and innuendo about CHOATE'S sexual desires of other male employees, (3) physically yelling without justification at Ms. Lafferty that she was not capable to perform her job and lacked trust in her work due to her being a woman, (4) directing debasing, degrading and demeaning gestures and statements to Ms. Lafferty that she was worthless, unfit for the job, unable to

perform her job on account of their gender, yet not treating men in the same fashion and (5)

wrongfully terminating her, would cause Ms. Lafferty severe humiliation, mental anguish,

emotional distress, physical distress and other damages, including wrongful termination..

116. CHOATE'S alleged conduct was reported to defendants OFF-SPEC ID, OFF-SPEC DE,

CMT and CVF's who ignored the reports and took no action against CHOATE to stop said

conduct. Thus, and furthermore, defendants, individually and jointly, OFF-SPEC ID, OFF-

SPEC DE, CMT and CVF's conduct in confirming and ratifying CHOATE'S conduct was

done with knowledge that Ms. Lafferty's emotional and physical distress would thereby

increase and was done with a wanton and reckless disregard of the consequences to Ms.

Lafferty.

117. The managers and or owners of OFF-SPEC ID, OFF-SPEC DE, CMT and CVF knew of, or

should have known of, CHOATE'S wrongful and discriminatory conduct. Even with this

knowledge, each of them, failed to exercise due care in the performance of their duties as a

supervisors, manager, and owners. CHOATE'S pattern of supervisory abuse and

discriminatory conduct would allow a rational person in the position or each of defendants'

managers, owners, and supervisors to infer that a reasonably careful manager/owner,

represented in and at the OFF-SPEC ID business by manager NEWKIRK, executive POWE,

and manager STOCKING, would have gotten wind of CHOATE'S discriminatory and

wrongful conduct and done something to stop it.

118. The failures of said agents of the defendants OFF-SPEC ID, OFF-SPEC DE, CMT and CVF

and each of them, is attributable to the companies themselves, namely defendants, OFF-

SPEC ID, OFF-SPEC DE, CMT and CVF and each of them, under the doctrine of

respondent superior and other theories of agency under Idaho Law. Said failures were

negligent on the part of said agents.

119. Defendants, OFF-SPEC ID, OFF-SPEC DE, CMT and CVF and each of them, by and through their failure to act or by their omissions as stated in this complaint constituted a breach of their duty of care owed to Ms. Lafferty.

120. As a proximate result of each defendant's, OFF-SPEC ID, OFF-SPEC DE, CMT and CVF, acts and omissions as attributable to them as stated herein, both individually and jointly, proximately, and negligently caused Ms. Lafferty to suffer humiliation, mental anguish, and physical distress and has been injured in mind and body as follows:

   a. Ms. Lafferty suffered and still suffers from her wrongful treatment and termination, with physical manifestations including headaches, anxiety, sleep problems, sleeplessness, extreme anxiety, fear, fear of workplace discrimination, loss of confidence and self-esteem, and depression, all to her damage.

   b. With respect to Ms. Lafferty's economic damages, Ms. Lafferty has sustained and will in the future sustain serious financial loss, including employment compensation and employment benefits, all to her damage.

121. As a further proximate result of the acts alleged above, plaintiff was required to and did employ physicians and surgeons to examine, treat, and care for plaintiff, and incurred additional medical expenses for medical bills and other incidental medical expenses. Ms. Lafferty is informed and believes and thereon alleges that plaintiff will incur some additional medical expenses, the exact amount of which is unknown.

122. As direct and proximate cause of Defendant CHOATE and by reason of the acts alleged above, Ms. Lafferty was prevented from attending to her usual occupation as Drive Manager and thereby lost earnings. Ms. Lafferty is informed and believes and thereon alleges, that

COMPLAINT AND DEMAND FOR JURY TRIAL

plaintiff will thereby be prevented from attending to plaintiff's usual occupation and has had

and will have trouble being gainfully employed due to the injuries sustained by her for a

period in the future which plaintiff cannot ascertain and will thereby sustain further loss of

earnings.

123. As direct and proximate cause of Defendants' wrongful conduct as alleged herein, Ms.

Lafferty has suffered economic and emotional distress damages. With respect to Ms.

Lafferty's economic damages, Ms. Lafferty has sustained and will in the future sustain

serious financial loss, including employment compensation and employment benefits. With

respect to emotional distress, Ms. Lafferty has sustained and will in the future sustain

serious emotional distress, including but not limited to severe mental and physical pain,

anguish, distress, insomnia, headaches, distress and loss of confidence and self-esteem.

124. The acts of defendant CHOATE alleged above were negligent, willful, wanton, extreme,

outrageous, malicious, and oppressive, and justify the awarding of exemplary and other

damages that may not by code be allowed to be stated in this pleading but will be stated in

the proper way and the proper time.

125. As a result of the failures of OFF-SPEC ID, OFF-SPEC DE, CMT and CVF, and each of

them, Ms. Lafferty has suffered damages in an amount exceeding $100,000, the exact

amount to be proven with specificity at trial.

126. Ms. Lafferty is entitled to recover her attorney fees and costs incurred in prosecuting this

action pursuant to Idaho Code §§ 12-120(3) and 12-121.

WHEREFORE, Ms. Lafferty respectfully requests that the Court enter judgment in her favor

and against Defendants for her federal and state claims and award the following relief.

COMPLAINT AND DEMAND FOR JURY TRIAL

1. For judgment of the court awarding Ms. Lafferty damages in excess of $100,000, incurred as a result of defendants CHOATE, OFF-SPEC ID, OFF-SPEC DE, CMT and CVF violation of Title VII of the Civil Rights Act of 1964; the Idaho Human Rights Act; for retaliatory discharge of Ms. Lafferty's employment for reporting violations of Title VII of the Civil Rights Act of 1964 and the Idaho Human Rights Act;

2. For Judgment of the court awarding Ms. Lafferty damages in excess of $100,000, incurred as a result of and against defendant CHOATE for infliction of emotional distress;

3. For Judgment of the court awarding Ms. Lafferty damages in excess of $100,000, incurred as a result of and against defendant CHOATE for negligent infliction of emotional distress

4. For judgment of the court awarding Ms. Lafferty damages in excess of $100,000, incurred as a result of and against defendants OFF-SPEC ID, OFF-SPEC DE, CMT and CVF negligent intentional infliction of emotional distress.

5. For prejudgment interest and post-judgment interest at the highest lawful rate on all damages recovered at the rate set forth within Idaho Code § 28-22-104 or as authorized by Federal Law.

6. For Ms. Lafferty's reasonable attorney fees and costs incurred in prosecuting this action;

7. Compensatory (emotional distress) and consequential damages

8. For general damages according to proof;

9. For medical and related expenses according to proof;

10. For lost earnings, past and future, according to proof;

11. Front pay in lieu of reinstatement;

12. All other damages which by statute are not allowed to be plead at the pleading stage of the case but may be requested at a later date, and

COMPLAINT AND DEMAND FOR JURY TRIAL

13. For such other and further relief as court deems just and necessary.

Respectfully submitted,

Dated: December 13, 2022

/s/Ronald Brilliant

Ronald Brilliant, Attorney at law

Counsel for Plaintiff, Ms. Lafferty

COMPLAINT AND DEMAND FOR JURY TRIAL

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Federal Rules of Civil Procedure, Rule 38, Ms. Lafferty hereby demands a jury trial

and as such give said notice of her request as herein stated.


Respectfully submitted,

Dated: December 13, 2022

<u>/s/Ronald Brilliant</u>

Ronald Brilliant, Attorney at law

Counsel for Plaintiff, Ms. Lafferty

COMPLAINT AND DEMAND FOR JURY TRIAL