RONALD W. BRILLIANT SBN 8515
rb@brilliantlawoffice.com
BRILLIANT LAW OFFICE
240 SE 23RD Avenue
Boynton Beach, Fl 33435
(208)914-7150 (Telephone)
(208)340-3146 (Cell Phone)

Attorney for Plaintiff
KRISTINA JAYNE LAFFERTY

UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF IDAHO

| | |
|---|---|
| OFF-SPEC SOLUTIONS, LLC, an Idaho Limited Liability Company, dba COOL MOUNTAINT TRANSPORT<br><br>Debtor | Case No: 22-00346-NGH<br><br>Chapter: 11 |
| KRISTINA JAYNE LAFFERTY,<br><br>Plaintiff, Appellant<br><br>vs.<br><br>OFF-SPEC SOLUTIONS, LLC, an Idaho Limited Liability Company, with assumed name Cool Mountain Transport<br><br>OFF-SPEC SOLUTIONS, LLC, is a Delaware Limited Liability Company,<br><br>CVF CAPITAL PARTNERS, INC., is and was a Delaware corporation doing business in California, and<br><br>KEVIN CHOATE<br><br>Defendant(s), Appellee(s) | Adv. Proc. No: 22-06020-NGH |

APPELLANT'S AMENDED STATEMENT OF ISSUES TO BE PRESENTED
of 5

---

## APPELLANT'S AMENDED STATEMENT OF ISSUES TO BE PRESENTED

---

Pursuant to Federal Rule of Bankruptcy Procedure 8009(a), Appellant KRISTINA JAYNE

LAFFERTY hereby states the issues to be presented on appeal:

1.  The appeal centers on the conflicting interpretations of two relevant provisions, the first
    is Title 11 U.S.C. § 1192(2) and the second is Title 11 U.S.C. § 523(a), relating to the
    kinds of debts subject to the discharge exceptions listed in §523(a). The Bankruptcy court
    held that §523(a) as applied to §1192(2) only applies to individual debtors, and therefore
    the claims of creditors against a corporate debtor is dischargeable. Appellant contends
    that §1192(2) applies to both individual and corporate debtors and argues that section
    §1192(2) excludes from discharge debts of the kind listed in §523(a) regardless of the
    class or kind of debtor, namely an individual debtor or corporate debtor.

2.  Thus, the first (1) issue for the BAP to decide is whether the Bankruptcy Court erred
    when it dismissed appellant's adversary proceeding upon its finding that the exceptions to
    the discharge of debts of the kind specified in Title 11 U.S.C. §523(a) as incorporated
    into Title 11 U.S.C. §1192(2) as applied to Chapter 11 Sub Chapter 5 small business
    debtors (due to the passing of the Small Business Reorganization Act of 2019 (the "Act")
    as signed into law in August of 2019, wherein Subchapter V codified in Sections 1181-
    1195 of the Bankruptcy Code, effective on February 19, 2020,) only applies to a class of
    debtors of the kind described in Section 523(a), namely individual debtors, and is not
    actually a list of the kinds of debts described therein that may not be discharged by a
    corporate debtor under section 1192(2), in addition to an individual debtor under Section
    523(a).

3.  The second issue is for the BAP to decide whether the Bankruptcy Court erred in its

application of the term "individual" as used in the phrase "individual debtor" of section

523(a) to only include a natural person and not a corporate debtor in the specific context

of a violation of Title VII. Thus, the BAP must decide whether the term "individual"

shall include a corporate debtor (Employer), in the context of a case involving a violation

of Title VII based upon wrongful termination, sexual harassment and hostile work place

wherein only the Employer is strictly liable for the loss of tangible employment

opportunities (defined as hiring, firing, demotions, undesirable transfers, or other job

detriments), with no available affirmative defense for the tortious acts of its employees,

against whom no liability can be held, as held by the U.S. Supreme Court in *Faragher v.

City of Boca Raton*, 524 U. S. 775, 118 S. Ct. 2275 (1998) and in *Burlington Industries v.

Ellerth*, 524 U.S. 742, 118 S. Ct. 2257 (1998). The issue is thus raised that in this narrow

context since only the Employer is vicariously liable for the acts of the Employee

(Tortfeasor), the Employer for all purposes is the individual employee and should be

included within the meaning of "individual" as applied to the phrase "individual debtor"

as used in section 523(a).

Dated: February 14, 2023,

Respectfully Submitted,
**/s/Ronald Walter Brilliant**
Brilliant Law Offices, SB# 8515
240 SE 23rd Avenue
Boynton Beach, FL 33435
T: (208)914-7150
C: (208)340-3146
rb@brilliantlawoffice.com
Attorney for Kristina Jayne Lafferty.
Appellant

## CERTIFICATE OF SERVICE

I, Ronald Brilliant, hereby certify that on this 14th day of February 2023 a copy of the foregoing.

**APPELLANT'S AMENDED STATEMENT OF ISSUES TO BE PRESENTED** were served by either CM/ECF or First-Class U.S. Mail postage prepaid, as designated below, upon the following:

| No. | Party | Attorney | Attorney Address |
|-----|-------|----------|------------------|
| 1. | OFF-SPEC SOLUTIONS, LLC, an Idaho Limited Liability Company | Matthew T. Christensen<br><br>Jason E Rios<br><br>Paul J Pascuzzi | Matthew T. Christensen, Johnson May, PLLC<br>199 N. Capitol Blvd, Suite 200<br>Boise, ID 83702<br>208-384-8588<br>(CM/ECF or Electronic Mail)<br><br>Jason E Rios and Paul J Pascuzzi, Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP<br>500 Capitol Mall, Ste 2250<br>Sacramento, CA 95814<br>916-329-7400<br>(USPS Mail) |
| 2. | OFF SPEC SOLUTIONS, LLC, a Delaware Limited Liability Company | Matthew T. Christensen<br><br>Jason E Rios<br><br>Paul J Pascuzzi | Matthew T. Christensen, Johnson May, PLLC<br>199 N. Capitol Blvd, Suite 200<br>Boise, ID 83702<br>208-384-8588<br>(CM/ECF or Electronic Mail)<br><br>Jason E Rios and Paul J Pascuzzi, Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP<br>500 Capitol Mall, Ste 2250<br>Sacramento, CA 95814<br>916-329-7400<br>(USPS Mail)<br><br>Corporation Trust Center<br>The Corporation Trust Company<br>1209 N Orange Street<br>Wilmington, DE 19801-1196 (USPS Mail) |

| 3. | CVF CAPITAL PARTNERS, INC., is and was a Delaware Corporation doing business in California | In Pro Per | Jose Carlos Blanco CEO CVF CA 1590 Drew Avenue, Suite 110 Davis, CA 95618-7849 (USPS Mail) |
|---|---|---|---|
| 4. | KEVIN CHOATE, an individual | Tara Martens Miller | Tara Martens Miller of Counsel Holland & Hart LLP 800 W. Main Street, Suite 1750, Boise, ID 83702 (208) 383-3932 (208) 420-2817 tmmiller@hollandhart.com (CM/ECF or Electronic Mail)<br><br>Kevin Choate 2009 Fairoaks Drive Caldwell, D 83605 (USPS Mail) |
| 5. | COOL MOUNTAIN TRANSPORT | Matthew T. Christensen<br><br>Jason E Rios<br><br>Paul J Pascuzzi | Matthew T. Christensen, Johnson May, PLLC 199 N. Capitol Blvd, Suite 200 Boise, ID 83702 208-384-8588 (CM/ECF or Electronic Mail)<br><br>Jason E Rios and Paul J Pascuzzi, Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP 500 Capitol Mall, Ste 2250 Sacramento, CA 95814 916-329-7400 (USPS Mail) |
| 6. | CVF CAPITAL PARTNERS, INC., is and was a Delaware Corporation | In Pro Per | Corporation Service Company 251 Little Falls Drive Wilmington, DE 19808-1674 |
| 7. | Bankruptcy Trustee | Matthew W Grimshaw | Grimshaw Law Group, P.C. 800 W. Main Street, Ste. 1460 matt@grimshawlawgroup.com (208) 391-7860 (CM/ECF or Electronic Mail) |